UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN MASTOR, INDIVIDUALLY AND AS
TRUSTEE OF THE MASTOR FAMILY TRUST
DATED 2-7-89,

                    Plaintiff,              08-CV-0802A(Sr)

v.

REXFORD L. NEWMAN, JR.,
DARIA B. NEWMAN and
HOWARD HANNA HOLT REAL ESTATE

                    Defendants.

---

## REPORT, RECOMMENDATION AND ORDER

      This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

      Defendants filed a motion to dismiss for, *inter alia*, lack of subject matter jurisdiction. Dkt. #5. For the reasons that follow, it is recommended that defendants' motion to dismiss be granted. Because this Court agrees with defendants that this Court lacks subject matter jurisdiction over this dispute, the Court need not address defendants' additional arguments in support of their motion to dismiss.

## BACKGROUND

      On August 16, 2008, June L. Mastor, as Trustee of the Mastor Family Trust dated 2-7-89, submitted a written offer to purchase Rexford L. Newman, Jr. and

Daria B. Newman's home at 5266 West Lake Road, Dunkirk, New York.  Dkt. #5-7, ¶¶ 1 and 6.  Initially, the written offer for $625,000 included a down payment of $12,500.  *Id*. at ¶ 7.  The amount of the down payment was further negotiated and the parties thereafter agreed to an increased down payment of $60,000.  *Id*.  On or about August 16, 2008, the parties, June L. Mastor, as Trustee, and Rexford L. Newman, Jr. and Daria B. Newman, entered into a Contract for Sale of Real Property ("Contract").  Dkt. #1, Exhibit A.  As reflected in paragraph 4 of the Contract, because the offer to purchase by June L. Mastor, as Trustee, was accepted by Rexford L. Newman, Jr. and Daria B. Newman, the total down payment of $60,000 was received by defendant Howard Hanna Holt Real Estate.  *Id*.  Paragraph 4 of the Contract further provides that the $60,000 deposit was to be applied to the purchase price or returned in the event the offer was not accepted.  *Id*.

On September 22, 2008, plaintiff, John Mastor, was appointed by the Superior Court of the State of Arizona as the temporary Guardian and Conservator of the person and estate of June Mastor.  Dkt. #9, ¶ 15.  In opposition to defendants' motion to dismiss, plaintiff asserts that he was appointed temporary Guardian and Conservator because the Superior Court of the State of Arizona determined that there was "clear and convincing evidence that June L. Mastor is an incapacitated person as defined by Arizona state statute."  Dkt. #9, ¶ 15; Dkt. #1, Exhibit B.  Thereafter, plaintiff withdrew his petition to be appointed permanent Guardian and Conservator for his wife, June L. Mastor.  Dkt. #9, ¶ 16.  On or about September 23, 2008, defendants, Rexford L. Newman, Jr. and Daria B. Newman, were advised by June L. Mastor's daughter that

-2-

the Mastor Family Trust dated 2-7-89 did not intend to go through with the purchase of the home at 5266 West Lake Road, Dunkirk, New York. Dkt. #5-7, ¶ 12. After being so advised, attorneys representing defendants Rexford L. Newman, Jr. and Daria B. Newman advised the attorneys representing the Mastor Family Trust dated 2-7-89 that the property would be put back on the market and that Rexford L. Newman, Jr. and Daria B. Newman would retain the $60,000 deposit. Dkt. #5-7, ¶ 13.

Plaintiff, John Mastor, individually and as Trustee of the Mastor Family Trust dated 2-7-89, commenced this action against Rexford L. Newman, Jr., Daria B. Newman and Howard Hanna Holt Real Estate pursuant to 28 U.S.C. § 1332(a) principally seeking rescission of the Contract and the return of the full $60,000 down payment with respect to all defendants. Dkt. #1. Plaintiff also alleges claims of conversion and breach of fiduciary duty against defendant Howard Hanna Holt Real Estate. *Id*. Specifically, plaintiff demands the following relief:

> (a) [o]n the first count: (i) rescinding the Contract; (ii) declaring the Contract void, of no effect and cancelled as of record; (iii) ordering the Newmans and/or Hanna Holt to return to Plaintiff the full amount of the Down Payment ($60,000.00); and (iv) ordering the Defendants to pay all expenses of Plaintiff to secure the return of the Down Payment, plus interest, costs and attorneys' fees; (b) [o]n the second count, damages in the amount of, at minimum, $60,000.00, plus interest, costs and attorneys' fees; (c) [o]n the third count, damages in the amount of, at minimum, $60,000.00, plus interest, cost and attorneys' fees; and (d) [d]irecting such other and further relief as the Court deems equitable, just and proper.

Dkt. #1, p.5.

## DISCUSSION AND ANALYSIS

Defendants argue that plaintiff has failed to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a).[1]  Dkt. #5.

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.  The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.  Nor does the fact that the complaint discloses the existence of a valid defense to the claim.  But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (footnotes omitted).   Legal certainty and good faith are essentially the same: "unless it appears to a legal certainty that plaintiff cannot recover the sum for which he prays, how can it be held that his claim for that sum is not in good faith?"  *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 99 (2d Cir. 1966), *quoting* Wright, Federal Courts, 95 (1963).  Thus, dismissal is limited to cases where the damages claimed are not recoverable or cannot as a matter of law exceed the jurisdictional threshold or in circumstances where "the district court can justifiably conclude that the amount demanded was inflated solely in order to gain access to the federal courts."  *Id.* at 100.  "The jurisdictional determination is to be made on the basis of a plaintiff's allegations,

---

[1] 28 U.S.C. § 1332(a) provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ."

not on a decision on the merits." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982). Plaintiffs may amplify the meaning of the complaint allegations by resort to materials developed in discovery. *Id.*

In the instant case, the complaint principally seeks the rescission of the Contract and damages in the amount of $60,000. Dkt. #1. The damages sought by plaintiff are equal to the amount of the down payment paid by June Mastor to defendants pursuant to the Contract to purchase the home at 5266 West Lake Road, Dunkirk, New York. *Id*. Based exclusively on the face of the complaint, this Court concludes, to a legal certainty, that plaintiff cannot recover an amount in excess of the $75,000 jurisdictional threshold.

In opposition to defendants' motion to dismiss, plaintiff asserts that notwithstanding the relief sought in the complaint, *to wit*, $60,000, the true amount in controversy is the amount of the entire Contract, in other words, the purchase price for the home, $625,000. Dkt. #8. In support of this argument, plaintiff claims that because the complaint seeks to have the Contract rescinded and declared void, "the amount in controversy is not the amount of the initial deposit made by the Trust ($60,000), but rather the total amount of the Contract ($625,000)." Dkt. #8, p.3. Based strictly on the allegations contained in plaintiff's complaint, this Court can conceive of no set of circumstances wherein plaintiff could recover an amount that would satisfy the $75,000 amount in controversy threshold exclusive of interest and costs. Moreover, the

complaint pleads no facts in connection with any of plaintiff's claims that, if proven, could result in an award of punitive damages and thereby could raise the possibility, however remote, that plaintiff could recover an amount in excess of $75,000.

Thus, because the sum claimed by the plaintiff in the complaint controls, plaintiff is clearly unable to satisfy the amount in controversy prerequisite to federal jurisdiction as provided in 28 U.S.C. § 1332(a).  *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  Moreover, based on the record before this Court, this Court concludes that "it appears to a legal certainty" that plaintiff cannot, as a matter of law, recover an amount that exceeds the $75,000 jurisdictional threshold.  *Id*.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that defendants' motion to dismiss for lack of subject matter jurisdiction (Dkt. #5), be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this

complaint pleads no facts in connection with any of plaintiff's claims that, if proven, could result in an award of punitive damages and thereby could raise the possibility, however remote, that plaintiff could recover an amount in excess of $75,000.

Thus, because the sum claimed by the plaintiff in the complaint controls, plaintiff is clearly unable to satisfy the amount in controversy prerequisite to federal jurisdiction as provided in 28 U.S.C. § 1332(a).  *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  Moreover, based on the record before this Court, this Court concludes that "it appears to a legal certainty" that plaintiff cannot, as a matter of law, recover an amount that exceeds the $75,000 jurisdictional threshold.  *Id*.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that defendants' motion to dismiss for lack of subject matter jurisdiction (Dkt. #5), be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         January 27, 2009

                                        s/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**